

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*     *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

January 14, 2021

Carlos J. Dominguez, Esq.
90 Canal Street, Suite 400
Boston, MA 02114

   Re: United States v. Cecchetelli, et. al.,
      Criminal No. 19-10459-RWZ
      Defendant, Alfred Nieves, a/k/a "King Alfy"

Dear Attorney Dominguez:

  The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Alfred Nieves, a/k/a "King Alfy" ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

  1. Change of Plea

  Defendant will plead guilty to Count One of the Indictment: Conspiracy to Conduct Enterprise Affairs through a Pattern of Racketeering Activity, in violation of 18 U.S.C. § 1962(d). Defendant admits that he committed the crime specified in this count and is in fact guilty of this offense.

  2. Penalties

  Defendant faces the following maximum penalties: incarceration for 20 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Indictment.

  Defendant understands that, if he is not a United States citizen who was born in the United States, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

  3. Rule 11(c)(1)(C) Plea

  In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court

must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw his plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw his guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4. <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 22:

(a) Base Offense Level

Pursuant to USSG § 2E1.1(a)(2), the base offense level is calculated according to the offense level applicable to the underlying racketeering activity. Pursuant to App. Note 1, each offense is treated as a separate count of conviction, with applicable Chapter Three adjustments.

The underlying offenses for Guidelines purposes are: (1) the conspiracy to commit aggravated assault on Victim 13 on or about June 2019 (Group One); and (2) the conspiracy to commit aggravated assault on Victim 35 on or about April 2017 (Group Two). These offenses are grouped separately pursuant to § 3D1.2.

(1) <u>Group One</u>:

- in accordance with USSG §§ 2A2.2(a), 2X1.1(b)(2), the base offense level is 14 because the Defendant is responsible for conspiring to commit aggravated assault on Victim 13 and the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control;

- in accordance with USSG § 2A2.1(b)(1), the offense level is increased by 2 because the assault involved more than minimal planning;

- in accordance with USSG § 2E1.1(a)(1), the offense level is increased to 19 because the offense level applicable to the underlying racketeering activity is less than 19;

(2) <u>Group Two</u>:

2

- in accordance with USSG §§ 2A2.2(a), 2X1.1(b)(2), the base offense level is 14 the Defendant is responsible for conspiring to commit aggravated assault on Victim 35 and the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control;

- in accordance with USSG § 2A2.1(b)(1), the offense level is increased by 2 because the assault involved more than minimal planning; and

- in accordance with USSG § 2E1.1(a)(1), the offense level is increased to 19 because the offense level applicable to the underlying racketeering activity is less than 19;

(b)   Aggravating Adjustments

Pursuant to USSG § 3B1.1(a), Defendant's offense level is increased by 4 levels, because Defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive.

(c)   Grouping

Pursuant to USSG § 3D1.4, each group is counted separately. Group One has an adjusted offense level of 23.  Group Two has an adjusted offense level of 23.

Group One and Group Two results in one Unit, because they are the same offense level (USSG § 3D1.4(a)). Defendant therefore is responsible for 2 Units, and the Offense Level is increased by 2. See USSG § 3D1.4.

Pursuant to the USSG grouping principles, and prior to any reduction for acceptance of responsibility, Defendant's Adjusted Offense Level is therefore 25.

(d)   Acceptance of Responsibility

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, the U.S. Attorney agrees to recommend that the Court reduce Defendant's Adjusted Offense Level by 3 levels under USSG § 3E1.1.

5.   Agreed Disposition

The parties agree on the following sentence:

a)   incarceration for between 24 to 54 months;

  b) 36 months of supervised release;

  c) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing;

  d) forfeiture as set forth in Paragraph 7.

6. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

  a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

  b) He will not challenge his <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of a sentence within the range agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

7. <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

8. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

9. <u>Breach of Plea Agreement</u>

Defendant understands that if he breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw his guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if he breaches any provision of this Agreement or engages in any of the aforementioned conduct, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

5

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Philip A. Mallard.

        Sincerely,

        ANDREW E. LELLING
        United States Attorney

By:    */s Glenn A. MacKinlay*
        Glenn A. MacKinlay
        Chief, Organized Crime Gang Unit
        Timothy E. Moran
        Deputy Chief, Organized Crime Gang Unit

        */s Philip A. Mallard*
        Philip A. Mallard
        Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

_____
Alfred Nieves
Defendant

Date: 01/25/21

I certify that Alfred Nieves has read this Agreement and that we have discussed what it means. I believe Alfred Nieves understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Carlos Dominguez, Esq.
Attorney for Defendant

Date: 1/25/21

7