UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES ) | CRIMINAL ACTION |
| ) | CASE No. 19CR10459-RWZ |
| v. ) |  |
| ) |  |
| ALFRED NIEVES ) |  |

## DEFENDANT'S SENTENCING MEMORANDUM

For the reasons set forth in detail below, the defendant respectfully recommends that this Court impose a reasonable and just sentence that reflects both the nature of his offense and his personal characteristics and background. In this respect, defendant seeks a sentence that is "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. §3553(a)(2). For the reasons that follow, Alfred Nieves submits that a sentence not to exceed 24 months, is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Additionally, the defendant requests that the sentence imposed in this case run concurrently with the sentence to be imposed on Docket # 1681CR00116 pending in the Middlesex Superior Court.

## I.   APPLICATION OF  18 U.S.C. §3553(a)(2).

Section 3553(a)(2) requires the Court to consider the need for the sentence imposed to take into consideration four (4) specific factors. These four (4) factors are as follows: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. As addressed more fully below, a sentence not to exceed 24 months of incarceration would adequately take these four factors into consideration.

## II. MITIGATING FACTORS TIED TO HISTORY ANDCHARACTERISTICS.18 U.S.C. §3553(a)(1) AND OTHER VARIANCES.

### A.FAMILY TIES AND RESPONSIBILITIES.

The court ought to consider the defendant's family ties and responsibilities in fashioning a just sentence. The defendant is the biological father of three children, Yuniel Nieves, age 14, Yabiel Nieves, age 7 and Anthony Silva, age 7. Alfred's mother described Alfred as an amazing father despite not having had his biological father involved in his upbringing. **(PSR at § 108)**. The

defendant described himself as an involved parent and has always been an active caretaker. Since his move to Ohio, he remains in contact with Yuniel and Yabiel via telephone daily and Anthony has been to Ohio for visits. Nieves loves his sons very much and noted that since his own father was not involved in his life , being a present and committed parent is very important to him. **(PSR at ¶ 116).**

A downward departure for extraordinary family circumstances may be appropriate where the care provided by the defendant is irreplaceable or otherwise extraordinary. Admittedly, this case does not exhibit the classic extraordinary family circumstances such as a serious medical condition of a family member which impacts the care of the children. However, the defendant's children are at a tender age where the prolonged absence of their father could result in a lifetime of negative consequences. Emotional support is an important factor under certain circumstances such as this case.

### B. MENTAL AND EMOTIONAL CONDITION.

The court ought to consider the defendant's mental and emotional health as it may have contributed to his judgement and poor decision making that may have contributed to his criminal conduct. Alfred has been diagnosed with Major Depressive Disorder and Anxiety. He has received mental health treatment since he was 8 years old. At times he has not been

consistent in taking his prescribed medicine which have caused him problems. In 2018 Alfred attempted suicide by taking an overdose. Alfred reports that he remains depressed but tries to focus on caring for his mother and staying connected to his children. **(PSR at ¶ 121-124).** It is easy to see how a life long mental disorder may have contributed to Alfred's poor decision to join a group such as the Latin Kings in order to gain acceptance and deal with his depression.

### C. LACK OF YOUTHFUL GUIDANCE

As noted in the **PSR at ¶ 99** Alfred never met his biological father and was raised by his mother who was loving but was not around much due to work obligations. He described his siblings and cousins as having to raise each other. His stepfather added nothing to Alfred's well being as he was generally a drunk and abusive to his mother when he was around. The court ought to consider the consequence this rudderless upbringing had on the tragic choices made by the defendant throughout his adult life.

### D. PRE SENTENCE CONDUCT

Alfred was released on pretrial conditions on 4/8/20. His conditions have been modified twice. Once to allow him to

relocate to Ohio to be with his mother who was dealing with medical issues and another time to remove the GPS tracking device. During the entirety of this time he has been in full compliance with the Court's Orders and Probations supervision. This is clear evidence of Alfred's rehabilitation and respect for the law.

### E. REMORSE

At his Rule 11 hearing Alfred unequivocally accepted responsibility and contrition for his actions.  He has indicated to undersigned counsel his regret for having been involved with the Latin Kings and his criminal conduct.

### F. EMPLOYMENT RECORD

Despite Alfred's mental, emotional and physical conditions he has maintained a fairly robust employment record and work ethic from High school to 2017. His work record is noted in the **PSR at ¶ 129-133.** As a result of his mental health issues and cystic fibrosis he has been receiving social security benefits since 2017. **PSR at ¶ 129.** Alfred hopes to stop collecting and return to work. He noted that he is most happy when he is busy but recognizes that his breathing must improve prior to him being able to return to work. **PSR at ¶ 132.**

**G.  ROLE IN THE OFFENSE**

The defendant in no way minimizes his criminal conduct but would point out to the court certain differences between his conduct and that of other co-defendants. There are no allegations that the defendant was involved with selling or possessing guns, selling drugs or participating in beatdowns of gang members, involved in extortion or other criminal conduct on behalf of the Latin Kings. There is no evidence that the defendant is presently a member of the Latin Kings or that he was at the time of his arrest.

**III.  CONCLUSION.**

For the reasons set forth above, Alfred Nieves submits that a sentence not to exceed 24 months is "sufficient but not greater than necessary" to address his actions in this case.

Additionally, the defendant requests that the sentence imposed in this case run concurrently with the sentence to be imposed on Docket # 1681CR00116 pending in the Middlesex Superior Court.

Defendant, by his attorney,

*/S/CARLOS J. DOMINGUEZ*
Carlos J. Dominguez
90 Canal Street
4th Floor
Suite 400
Boston, MA 02114
(617) 742-2824
BBO # 567005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served on all counsel of record on July 18, 2021 by complying with this court's directives on
electronic filing.

*/s/ Carlos J. Dominguez*