UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>ALFRED NIEVES<br>  a/k/a "King Alfy"<br><br>    Defendant | Criminal No. 19-CR-10459-RWZ |

**MEMORANDUM IN SUPPORT OF SENTENCING RECOMMENDATION**

The government submits the instant memorandum in support of its recommendation for **54 months of incarceration** for the Defendant, Alfred NIEVES, a/k/a "King Alfy." This recommendation reflects the seriousness of the offense, the need for deterrence and punishment, and is sufficient but no greater than necessary to accomplish the goals of sentencing.

**THE ADVISORY SENTENCING GUIDELINES**

The government disagrees with the offense level calculation provided U.S. Probation, which calculated the offense level in the final Presentence Report to be 19 (PSR ¶¶60-83). The government's calculation stated a total offense level of 22 (D. 1708). With a criminal history score of 2, the criminal history category is II (PSR ¶¶88-89), the guideline sentencing range ("GSR") calculated by Probation is 33 to 41 months (PSR ¶139).

Under the government's calculation of offense level 22, with criminal history category II, the GSR would be 46 to 57 months.

The parties have agreed to a binding sentencing range of 24 to 54 months (D. 1708) under Fed. R. Crim. P. 11(c)(1)(C).

**ARGUMENT**

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a

sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in § 3553(a)(2).  Among those factors are the "nature and circumstances of the offense," promoting respect for the law, and providing just punishment.  See 18 U.S.C. § 3553(a)(2)(A).  The sentence must also afford "adequate deterrence" for both the defendant and others.  See 18 U.S.C. § 3553(a)(2)(B) (the court may impose a sentence "to afford adequate deterrence to criminal conduct").  Lastly, the sentence must protect the public from the further crimes of the Defendant, and the violence that the Defendant brought to bear through his membership in the Latin Kings.  See 18 U.S.C. § 3553(a)(2)(C) ("protect the public from further crimes of the defendant").  Consideration of the § 3553(a) factors demonstrates that a sentence of 54 months is sufficient, but not greater than necessary, to meet the goals of sentencing.

      A.      **Nature and Circumstances**

This Court is familiar with the nature of the Latin Kings enterprise and the violent conduct committed by its members. The sentence range contemplated by the Plea Agreement reflects the Defendant's role in the leadership of the Lowell Chapter of the Latin Kings.  The Defendant's specific grouped criminal activity relates to his personal efforts to direct violence against those targeted by the Latin Kings.  See PSR ¶¶45-56.

First, the Defendant specifically solicited permission from CW-9 to commit the assault of Victim 13.  As the Defendant stated in a recorded conversation, "shit's about to hit the fan big time bro… [Victim 13] about to get his ass rocked probably even worse…. Like we about to light him up right now, he went up […] on my enforcer with three bros with a burner (firearm)."  PSR ¶51. The Defendant did not leave any room for speculation as to what he intended for Victim 13: he "about to get touched real ugly right now," "but enough is enough bro… we about to light light this little nigga up like bout to take him."  PSR ¶52.  The Defendant told CW-9 that "we're about to light him up real bad right now it's broad daylight, we're ready."  PSR ¶52.  This was no idle

threat. The request for permission to terminate Victim 13 was discussed a few days later during a meeting with CECCHETELLI and other State Leaders. See PSR ¶¶54-55.

The Defendant also targeted Victim 35, who was then incarcerated. The Defendant authored an encoded message that was appended to a letter sent into the Massachusetts Department of Correction. In the encoded portion of the message, the Defendant instructed an incarcerated Latin King to target a member who had stolen money from the collective group account. See PSR ¶56. This message was intercepted and the cypher key was obtained, which allowed prison security to decrypt the message and prevent the violence from being inflicted.

In sum, the Defendant was a leader in a violent criminal enterprise, and personally sought to cause serious violence against two individuals. The nature and circumstances of the Defendant's role in leading a chapter of this violent enterprise, and the Defendant's specific actions in directing such violence all warrant a significant sentence. As such, the nature and circumstances justify a sentence of 54 months.

### B. Criminal History, Public Protection and Deterrence

Given the organized violence and drug trafficking at issue in this case, the Court must ensure that the Defendant is specifically deterred from committing crimes in the future and ensure that the public recognizes such crimes merit serious punishment as well. As leader of the Latin Kings, responsible for leading a Chapter and directing violence, the Defendant's role merits a significant sentence.

The Defendant has two prior convictions, including firearms and leaving the scene of property damage. See PSR ¶¶86-87. More troublingly, both of the Defendant's grouped criminal activity took place while the Defendant was pretrial release from a pending Middlesex Superior Court witness intimidation case dating back to 2016. See PSR ¶91. As noted in the presentence

report, the Defendant followed two cooperating witnesses outside of Lowell Superior Court following their testimony. As they walked with a federal agent escorting them to a vehicle, the Defendant verbally confronted the witnesses and stated "Fuck you, you fucking snitches," and continued yelling at them as they entered the vehicle.

That case remains pending over five years later and the Defendant sought to carry out multiple assaults while on pretrial release for that case. It is necessary to impress upon the Defendant that leadership and association with the Latin Kings, and committing acts of violence on behalf of the organization is serious and is unacceptable in the future. A sentence of 54 months is one that will specifically deter the Defendant from assisting this organization in the future and remove him from leadership for at least the period of incarceration.

General deterrence must also be considered, and this Court should be mindful of the message that the sentence will send to violent offenders, particularly gang leaders removed from the street who would target other persons, including in a prison setting. A 54-month sentence sends a message to leaders, gang members, and violent offenders that swift punishment and imprisonment for multiple years await them if they choose to organize and supervise gang-members and facilitate the commission of violence.

Moreover, the Court must also take this opportunity to protect society from this Defendant and the potential for future crimes, punish him for the various violent acts that took place under his auspices, and for providing organizing principles and overseeing violence being committed against others on behalf of a violent organization. A 54-month sentence is the proper means to accomplish all these goals of sentencing.

## **CONCLUSION**

Due to the nature and circumstances of the crime, and because deterrence (both general and specific), respect for the law, and just punishment are all critical sentencing factors for this Defendant, the Court should impose a sentence of 54 months.

Respectfully submitted,

NATHANIEL R. MENDELL,
Acting United States Attorney

By:

*/s/ Philip A. Mallard*
PHILIP A. MALLARD
Assistant U.S. Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston MA 02210
617-748-3674

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Philip A. Mallard*
PHILIP A. MALLARD
Assistant U.S. Attorney

Date:   July 19, 2021