UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

ALFRED NIEVES,
   Petitioner,

v.

UNITED STATES OF AMERICA,
   Respondant,

Case No. 1:19-CR-10459-RWZ-45

FILED IN CLERKS OFFICE
2022 MAR -2 AM 11: 59
U.S. DISTRICT COURT
DISTRICT OF MASS.

MOTION FOR COMPASSIONATE RELEASE
PURSUANT TO TITLE 18 U.S.S. 3582(c)(1)(A)
DUE TO EXTRAORDINARY AND COMPELLING REASONS

    COMES Now the defendant Alfred Nieves, pro-se and moves this Honorable Court pursuant to Titlt 18 U.S.C. 3582(c)(1)(A) for compassionate release due to extraordinary and compelling reasons as listed by the BOP and the CDC.

    The defendant has exhausted his administrative remedies, see attachment "A".

## MEDICAL HISTORY

    Covid-19 is a respiratory disease spreading mainly through respiratory droplets produced when an infected person, even those who are asymptomatic, talks, coughs, or sneezes. The disease is also spread through air-born transmission and is spread is more likely when people are in close contact with one another (within 6 feet). People of any age with the following conditions are at increase risk of severe illness from COVID-19: Cancer, Kidney disease, COPD (Chronic obstructive pulmonary disease), Asthma(Moderate-to-severe), Cystic Fybrosis; Hypertension or High Blood Preasure; immune compromised state(Weakened immune system from blood and bone marrow transplant; Pulmonary fibrosis having damaged or scared lung tissue).

    The " Medical condition of the defendant "category has two prongs: one for defendants with terminal illness, and one that applies to

defendant with a debilitating condition. For the first subcategoryy, the amendment clarifies; "the terminal illness" means "a serious and advanced illness with and end-of-life trajectory". And it explicitly states that "specific prognosis of life expectancy § i.e., a probability of death within a specific time § is not required". These changes respond to testimony and public comment on the challenges associated with the diagnosing terminal illness. While and end-of-life trajectory may be determined by the medical professionals with some certainty, it is extremely difficult to determinedeath within a specific period for the reason, the Commission concludes that requiring a specified prognosis [such as the eighteen months prognosis and the BOP program statement] is unnecessaliy restrictive both in terms of the administrative review in the scope eligibility for compassionate release application. For added clarity, the amendment also provides a non-exhaustive of illnesses that may qualify as a terminal illness. Pulmonary disease makes COVID-19 particularly dangerous. First, the virus may directly infect the cells of the lungs. Lung cells have receptors similar to those found on cells of kidneys, and the hearts, "that enables the new corona virus to attach to them, envade, and make copies of itself, potentially damaging those tissue. Second, the lungs may malfunction due to abnormally low levels of oxygen caused by pheumonia resulting from the virus. Third, the virus may trigger an immune response leading to what is called a cytokine storm [of small protiens that help the cells communicate as the immune system fights an infection]. But in sudden profusion can cause severe inflamation destroying healthy lung tissue. And fourth, "COVID-19 can cause tiny clots to form in your blood stream, which can clog the smallest blood vessel

in the lung and impair its function." The Center for Disease Control and Prevention has also made clear that COVID-19 is especially dangerous for people with serious underline medical conditions, including "[p]eople with pulmonary disease, the inmates are severely compromised and rapidly weakeneing even without a COVID-19 infection. See attachment "B".

## RELEVANT LAW

This Court has the authority to reduce the term of imprisonment imposed in this case based upon the 18 U.S.C. 3582(c)(1)(A), which states in pertinent part, that the Court " may reduce a term of imprisonment and may impose a term of probation or supervised release ı or without conditions that does not exceed the unserved portion of the original term of imprisonment after considering the set factors in section 3553(a) to the extent are applicable, if it finds that extraordinary and compelling factors warrant such a reduction...and that such a reduction is consistant with applicable policy statement issued by the sentencing commission.

Relevant here application 1B1.13 cmt. n.1(A)(i) states that the "medical condition of the defendant may constitute extraordinary and compelling reasons warranting the reduction where; "[t]he defendant is suffering from a terminal illness" (i.e., a serious and advanced illness with and end of life trajectory) U.S.S.G. § 1B1.13. cmt. n.1 (A)(i). The note make it clear, however that "[a] specific prognosis of life expectancy (i.e., probability of death within a specific time period) is not required", and states that examples of this condition would include, inter alia,"end stage organ disease".

ARGUEMENT I.A
EXTRAORDINARY AND COMPELLING REASONS EXIST
WARRANTING IMMEDIATE RELEASE DUE TO
TERMINAL ILLNESS CYSTIC FIBROSIS, AND COVID-19

The defendant terminal illness and the threat of contracting the new strains of Covid-19 constitues extraordinary and compelling reasons to grant relief based on what we know at this time, adults of any age with the following condition might be at an increase risk for severe illness from the virus that causes Covid-19 Cystic fribrosis. The risk classification for asthma appears to have changed recently. The CDC now consider "chronic lung disease including COPD (chronic obstructive pulmonary disease), asthma (moderate to sever). Intertitial lung disease, Cystic fibrosis, and pulmonary hypertension" as conditions that "can make you more likely to get severely ill

from Covid-19 "[Id].In the table supporting evidence linked to the CDC's updated conditions list the CDC indicates that its conclusion about asthma are "supported by mixed evidence". See science brief evidence used to update the list of underlying medical conditions that increase a person's §2021 U.S. Dist.LEXIS§ risk of severe illness from Covid-19, Ctrs for Disease control and prevention Http/www.cdc.gov./corona virus/2019-ncor/science/science-brief/underlyingmy-evidence table.HTML (last updated Mar. 29,2021). Nevertheless, moderate to severe asthma appears to be a more definate risk factor for severe illness from COVID-19 then recognized by the CDC previously compared to United States v. Gregor, No. 3:19-CR-64,11 LVLV (2021 U.S. Dist. LEXIS 44352, 2021 WL 917117 at *2 (D.CON Mar. 10,2021)(quoting CDC guidance stating that patients with moderate to severe asthma "might

be at an increased risk for severe illness from COVID-19").

To illustrate prisoners are not readily able or necessarily able to secure safety products on their own to protect themselves, such as mask and hand sanitizer, nor are they able to seperate or distance themselves from others, see Kim Belware, prisonser and guards agree about Federal coronavirus response; "we do not feel safe," Wash. Post (Aug 24, 2020)(reporting use of nonreusable mask for months and a lack of transperancy around policy § 2021 U.S.Dist. LEXIS 24 for personal protective equipment and testing). They do not get to decide where, when, or how to eat or sleep. Consquently correction facilities are vulnarable to viral outbreak and ill-suited to stem their spread. See Coreas v. Bounds, 451 F.Supp.3d 407 2022 WL 1663133, at *2 (D.MD. 2020)("prisons, jails, and detention centers are especially vunerable to outbreaks to COVID-19"); See also, Eddie Burkhalter et al., incarcerated and infected: How the virus tore through U.S. Prison system. New York Times(apr. 16, 2021)(stating that the "cramped, often unsanitary settings of correctional institutions have been ideal for incubating and transmitting the disease. Social distancing is often not an option."); Letter of 3/25/2020 the governor Hogan from approximately 15 members of John's Hopkins faculty at the Bloomberg school of public health, school of nursing, and school of medicine. [explaining that the "close quarters of jails and prisons, the inability to employ effective social distancing measures, and the many high contact surfaces within facilities, make transmission of COVID-19 more likely"]; Accord, Brown v. Plata, 563 U.S. 493, 519-20, 131 S.Ct. 1910, 179 L.Ed.2d 969(2011)(Refering a medical experts description of the overcrowded California prison system as "breeding grounds for disease").(citation omitted)..(2021 U.S. Dist. LEXIS 25). Many judges have recognized the COVID-19 pandemic presents an Extraordinary and

unprecedented threat to incarcerated individuals United Stats v. Sc:parta, No. 18-CR-578(AJN), 2020 U.S. Dist. LEXIS 68935, 2020 WL 1910481, at *9 (S.D.N.Y. Mar. 31, 2020), United States v. McKenzie, No. 18-CR-834(PAE), 450 F.Supp.3d 449,452-53(S.D.N.Y. Mar 30, 2020).

Defendant underline medical condition could cause serious death or illness if he contracts the new stran of COVID-19.

## CONCLUSION

Relief weighs in favor of the defendant to allow him to quarantine at home where he can social distance in a safe enviorment. Therefore the defendant beleives relief should be granted due to extraordinary and compelling reasons stated by the CDC and the above mentioned facts.

### ARGUMENT I.B
### EXTRAORDINARY ANDD COMPELLING REASONS EXIST
### DUE TO VIOLATION OF 18 U.S.S.G. 3553(a)(2)(D)
### BOP FAILS TO PROVIDE DEFENDANT WITH THE NEEDED...
### MEDICAL CARE ...IN THE MOST EFFECTIVE MANNER.

Extraordinary and compelling reasons exist due to violations the Court's consideration of the 18 U.S.S.G. 3553(a) factors that where considered at sentencing. See attachment "C", sentencing transcripts page 14/15 lines 20/1 through 25/15 stating the BOP would provide defendant with the needed medical care...in the most effective manner.

The BOP is not giving the defendant the same treatment that was considered at sentencing and when he was on the streets. He was also diagnosed with a bacterial infection in his lungs, and the medical staff at Springfield prison refused to treat the infection against his request unless it gets worse. This is putting his life in jeopardy. The defendant needs the proper care was receiving on the streets, because the BOP will not afford him that same treatment or close to it.

The Eighth Amendment also guarantees inmates in BOP custody the right to adequate medical care for "serious medical needs". See Farmer v. Brennan, 51 U.S. 828,832(1984); Estelle v. Gramble, 429 U.S. 97. 103-05(1976). One Court recently invoked the Eighth Amendment in granting a motion for compassionate release noting that "a reduction [defendant] sentenced will enable him to seek, from the doctor's and hospitals of his choice, what may be better medical care than what the BOP is obligated or able to provide, particularly given the very real threat that COVID-19 poses in a prison setting".

## CONCLUSION

Relief weighs in favor of the defendant due to extraordinary and compelling reasons and the BOP violation of 18 U.S.S.G. 35553(a)(2)(D) which was afforded by this Honorable Court when he was sentenced. Immediate release should be granted due also to all the above mentioned facts.

## ARGUMENT II
## POSTSENTENCING REHABILITATION

for any reason described above in detail the section 3553 (a) factors weigh infavor of a reduction here. Regarding "the nature and circumstances of the offence and history and characteristics of the defendant". Nieves points out that his crimes were serious. The defendant do not dispute that. However, as the forgoing discussion amply demostrate . The court should be mindful of the supreme court"s observation that evidence of postsentencing rehabilitation maybe highly relevant to several of the 3553 (a) factors that congress has expressly instructed district courts to consider. Including " plainly, the history and characteristic of defendant"." Pepper V. United States, 562 U.S. 476,491 131 S CT. 1229,179 Led 2d 196 (2011); See also United State V. Phillips, 469 F. Supp 3d 180 (S.D. N.Y. 2020).

As the booker panel clarified, though a claim for compassionate releas can not rely "solely on rehabilitation," evidence of rehabilitation may certainly contribute to a showing of extraordinary and compelling circumstances. Booker 976 F. 3d at 238. see also Torres, 465 F. Supp 3d at 661, United States V. Millan. No.91-cr-685 (LAP),2020 U.S. Dist. LEXIS 59955, 2020 W L 1674058 at *7 (SD NY. April 6,2020) And as Booker further recognize rehabilitation "may also interact with the present corona virus pandemic" to create extraordinary and compelling circumstances. Booler 976 F. 3d at 238, United States V. Rodriguez, No.00-cr-761 (jrs), 492 F. Supp 3d 306,2020 U.S. Dist.LEXIS 181004, 2020 WL 5810 161 *at 4 (SD.N.Y. Sep.30,2020).

Nieves behavior in prison "exceeds the bounds of what rehabilitation is considered". Torres, 464 F. Supp. 3d at 663 "Inordinary parlance "rehabilitation" is defined as '[t]he process of seeking to improve [2021 U.S. Dist. LEXIS 10] a criminal's character and outlook so that he or her can function in society without committing other crimes!" Id (quoting rehabilitation Black's Law Dictionary (11 ed 2019); See also Mistretta V United States, 488 U.S. 361,363,109 S.Ct.647 102 L. Ed.2d 714 (1989)(defining the goal of rehabilitation as "the minimize the risk that [a defendant] would resume criminal activity upon his return to society!"). Nieves has used his time in prison to better himself. Rodriguez,2020 U.S. Dist. LEXIS 181004,2020 WL 5810 161 *at 4- See Attachment D. B.O.P progras.

## Argument III
## 3553(A) FACTORS
## DEFENDANT POSES NO DANGER TO THE COMMUNITY

Finally the compassionate releas statue requires the court to consider wether a reduction is "consistent with applicable policy statements issued by the sentencing commission".

18 U.S.C. 3582 (c)(i)(a). The relevant U.S. sentencing commission policy statement adds only one substantive requirement: Compassionate release may only be allowed if "[t]he defendant is not a danger to the safety of any other person or to the community!" U.S. Sentencing Guidelines manual § 181.13(2)(U.S. sentencing comm'n 2018) See also 18 U.S. C §3141(g). See Attachment E. DKT.693

The defendant asserts that the court has already determined he poses no threat and is not a danger to any person or to the community when he was placed on home confinement during pre-trial release. See Attachment F. Report from probation officer.
Therefore defendant request immediate release with whatever condition the court deems fit such as "a term of home confinement or supervised release without conditions that does not exeed the unserved portion of the original term of imprisonment.

Respectfully Submitted,

_____ / 2-22-22
Signiture                Date

Alfred Nieves #02013-138
Medical Center For Federal Prisoners
P.o. Box 4000
Springfield, Missouri, 65801-4000